# Order

Michigan Supreme Court
Lansing, Michigan

June 8, 2007

132165

HARVEY JONES, JR.,
   Plaintiff-Appellee,

v

ROBERT DUANE RIBBRON,
   Defendant,
and

SECURA INSURANCE,
   Garnishee Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132165
COA: 260040
Wayne CC: 97-738912-NI

On order of the Court, the application for leave to appeal the August 17, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., dissents and states as follows:

I dissent from the decision to deny leave to appeal. I would grant leave to appeal to consider whether *Allen v Cheatum*, 351 Mich 585 (1958) remains good law.

Defendant Secura Insurance sought to avoid liability under the insurance policy on the ground that the insured, defendant Robert Ribbron, violated a policy provision requiring him to cooperate in the defense of a lawsuit. The Court of Appeals, relying on *Cheatum, supra* at 595, held that in order for Secura to successfully claim noncooperation of the insured as a defense, it must show that it was actually prejudiced by the noncooperation. As I stated in my dissenting statement in *Qarana v North Pointe Ins Co*, 474 Mich 1015, 1016 (2006), I question the continued validity of *Cheatum, supra*:

> I question the continuing validity of *Allen, supra*, especially following this Court's decision in *Rory* [*v Continental Ins Co*, 473 Mich 457 (2005)]. Although the Court in *Allen* held that an insurer must show

prejudice, the Court did not apply contract principles to reach its conclusion and, instead, formulated a rule that was applicable only to insurance contracts. This is entirely inconsistent with our recent holding in *Rory* that insurance policies are to be enforced the same as any other contract, according to their language, unless they violate the law or unless one of the traditional contract defenses such as fraud, duress, waiver, or unconscionability are proven. *Rory, supra*, at 461, 491. It is also inconsistent with our holding in *Rory* that courts do not have the authority to modify unambiguous contracts or rebalance the contractual equities struck by the parties. *Id.* at 461. I would thus grant leave to appeal.

In *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197 (2007), this Court recently overruled cases engrafting an actual prejudice requirement onto MCL 691.1404(1). The same principle should apply to insurance contracts. I remain convinced that we should grant leave to appeal to address this jurisprudentially significant issue.

MARKMAN, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 8, 2007

*Corbin R. Davis*

Clerk

t0605